# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DELORES J. STOVER,**
**Claimant Below, Petitioner**

vs.)   **No. 16-1195** (BOR Appeal No. 2051335)
                (Claim No. 2015004782)

**CHARLESTON AREA MEDICAL CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Delores J. Stover, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charleston Area Medical Center, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is whether Ms. Stover developed carpal tunnel syndrome in the course of and resulting from her employment. The claims administrator rejected the claim on October 20, 2014. The Office of Judges affirmed the decision in its April 28, 2016, Order. The Order was affirmed by the Board of Review on November 21, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Stover, a data entry clerk and linen department worker, alleges that she developed carpal tunnel syndrome in the course of and resulting from her employment. She filed a report of injury on April 1, 2014, with last exposure date of May 8, 2012. Ms. Stover stated that she injured her left and right hands up to her arms. The physician's section was completed by Iraj Derakhshan, M.D., on March 19, 2014. He indicated the initial date of treatment was January 28, 2014. The injury was listed as bilateral carpal tunnel syndrome.

Treatment notes by Nathan Menon, M.D., indicate Ms. Stover was referred for bilateral carpal tunnel syndrome. She initially reported on Aril 23, 2014, that she had symptoms for at least

1

two years. An EMG performed on January 28, 2014, showed severe bilateral carpal tunnel syndrome. Dr. Menon noted that Ms. Stover used to be a data entry professional but lost her job two years prior because she could not perform her duties due to numbness and tingling in both hands. Her chronic problems included diabetes, fibromyalgia, hypertension, and obesity. She was assessed with carpal tunnel syndrome and cubital tunnel syndrome. Dr. Menon advised Ms. Stover that part of her symptoms could be due to diabetic neuropathy. Ms. Stover underwent right carpal tunnel release surgery on April 29, 2014.

Ms. Stover completed a carpal tunnel syndrome questionnaire on October 6, 2014. She stated that she had numbness, tingling, and pain in her hands. She dropped things held in her right hand. She had trouble sleeping due to bilateral hand pain. She first noticed the symptoms six plus years prior. Ms. Stover stated that she was a data entry clerk and also worked in laundry. She reported that she had an EMG in 2012 but was told that she did not have carpal tunnel syndrome.

The claims administrator rejected the claim on October 20, 2014. It stated that Ms. Stover's carpal tunnel syndrome did not arise from her employment. It noted that she reported a 2012 EMG that did not show carpal tunnel syndrome. However, a 2014 EMG revealed carpal tunnel syndrome. The claims administrator determined that Ms. Stover only worked for Charleston Area Medical Center for a month between EMGs (June 2012 to July 2012). The carpal tunnel syndrome was therefore found not to be employment related.

Ms. Stover testified in a deposition on July 17, 2015, that she started working for Charleston Area Medical Center in 1990 filling carts with linens, weighing them, and putting them on trucks. She filled thirty to forty carts a day and they weighed between 300 and 600 pounds. The carts weighed 223 pounds when empty and were moved by hand by both pushing and pulling. She performed these duties for twelve years. After that, she moved to data entry and did that for eleven years. She also still did some laundry duties if they were short staffed. She stated that she had pain for a few years off and on prior to her last day of May 8, 2012. She stated that she attempted to return to work in July of 2012 but could not do it. She admitted to having diabetes but asserted that she was diagnosed a few years prior and noticed no change in her carpal tunnel syndrome symptoms when she began taking medicine for her diabetes. She underwent surgery on both hands. Ms. Stover testified that Kimberly Spurlock, M.D., told her that her carpal tunnel syndrome could have been caused by her employment duties. She stated that the carpal tunnel syndrome surgery helped with her pain somewhat.

In an August 25, 2015, independent medical evaluation, Marsha Bailey, M.D., found that Ms. Stover had her first EMG on August 23, 2000, and no evidence of carpal tunnel syndrome was reported. She next underwent an EMG on May 17, 2001, and Glen Goldfarb, M.D., noted at that time that Ms. Stover reported right arm pain and that she had diabetes and obesity. Dr. Bailey noted that she underwent a cervical MRI on June 13, 2002, for neck pain with right shoulder, arm, and hand pain with numbness and swelling for two years. Dr. Bailey noted that in a November 10, 2003, gastric bypass consultation, Ms. Stover was diagnosed with morbid obesity, hypertension, type II diabetes, high cholesterol, and arthropathy. Dr. Bailey opined that the diagnosis of bilateral carpal tunnel syndrome is solely the result of Ms. Stover's personal risk factors and is unrelated to her former occupation. Dr. Bailey stated that she has suffered many other consequences of her

2

long standing morbid obesity including type II diabetes, diabetic peripheral neuropathies of her hands and feet, hypertension, high cholesterol, gastroesophageal reflux disease, and early onset arthritis.

The Office of Judges affirmed the rejection of the claim on April 28, 2016. It noted that West Virginia Code of State Rules § 85-20-41 (2006) provides medical conditions which frequently produce or contribute to carpal tunnel syndrome such as diabetes and obesity. Further, medical literature notes a high prevalence of concurrent medical conditions capable of causing carpal tunnel syndrome regardless of occupation. Consideration must also be given to the fact that 3.1% of the general population has carpal tunnel syndrome and half of those cases are idiopathic. The Office of Judges found Dr. Bailey's findings to be persuasive. She found that Ms. Stover's job duties did not involve the awkward wrist positioning, vibratory tools, significant grip force and high force of repetitive movement shown to contribute to carpal tunnel syndrome. Dr. Bailey found that her former job tasks are not considered repetitious, forceful, or awkward and that Ms. Stover simply did not have occupational responsibilities that would place her at risk of carpal tunnel syndrome. Even if the work were considered to be repetitive, the sole cause of her carpal tunnel syndrome is personal factors unrelated to her former employment. Dr. Bailey found that Ms. Stover's long standing morbid obesity has resulted in other chronic disease that are unrelated to the claimant's work such as type II diabetes, diabetic peripheral neuropathies of the hands and feet, hypertension, high cholesterol, ERG, and arthropathies which were first diagnosed in 2003. Ms. Stover's carpal tunnel syndrome was also found to be the result of long standing pre-existing conditions. The Office of Judges found Dr. Bailey's opinion to be persuasive. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 28, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Stover's job duties do not involve awkward wrist positioning, vibratory tools, significant grip force and high force of repetitive movements that have been shown to contribute to carpal tunnel syndrome. In addition, she has pre-existing medical conditions known to cause carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 15, 2017**


**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker